UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JOHN WILLIAM COLLINS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 1:06-cv-15 / 1:98-cr-81 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner John William Collins, Jr. ("Collins") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Collins pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and, by judgment entered on February 26, 1999, was sentenced to a term of imprisonment of 78 months. He did not appeal his sentence. Collins now alleges his sentence should be vacated pursuant to the recent U.S. Supreme Courts decisions of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

Pursuant to former Rule 9(a) of the Rules Governing Section 2255 Proceedings For The United States District Courts (2004) and prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597, *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)). In Collins' case, the statute of limitation began to run on March 8, 1999, which was ten days after judgment was entered. *See* Fed. R. Crim. P. 45. Collins filed his § 2255 motion on January 12, 2006, well after the expiration of the one-year statute of limitation.

The court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." At this time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to

cases on collateral review." *Id.* at 1290 (citation omitted). In addition, any claim petitioner may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S.. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Collins acknowledges his § 2255 motion is subject to the one-year statute of limitation, but asks the Court to accept it under the doctrine of equitable tolling. Collins does not state, however, why he is entitled to equitable tolling. A § 2255 petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). Collins has failed to do so and thus cannot excuse his failure to timely file his § 2255 motion. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. at 604 (citations

3

and internal quotations marks omitted). *See also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect").

It plainly appears from the face of the motion and the prior proceedings in the case that Collins is not entitled to relief in this Court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Collins leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Collins having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE